UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 16-320 (JRT/BRT) |
| v. | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| MICHAEL OSIRIS BOYD, | |
| Defendant. | |

Amber M. Brennan and James S. Alexander, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Michael Osiris Boyd, Reg. No. 20854-041, FCI Pollock, P.O. Box 4050, Pollock, LA 71467, pro se; Douglas B. Altman, **DOUGLAS B. ALTMAN**, 6701 West Twenty-Third Street, Minneapolis, MN 55426; and Katherian D. Roe, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Michael Osiris Boyd is currently serving a 110-month sentence after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On July 14, 2020, the Court denied Boyd's Motion to Vacate under 28 U.S.C. § 2255, and Boyd now asks the Court for a Certificate of Appealability with respect to this decision. Because Boyd has not made a showing that a substantial constitutional right has been violated, the Court will deny Boyd's Motion.

**DISCUSSION**

I.     **STANDARD OF REVIEW**

The Court may grant a certificate of appealability only where a petitioner has made "a substantial showing of the denial of any federal constitutional right." *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000); *see also* 28 U.S.C. § 2253(c)(2). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

II.     **ANALYSIS**

Boyd's § 2255 petition alleged that he had received ineffective assistance of counsel on two grounds: that his attorney failed to file a notice of appeal on Boyd's behalf, and that his attorney had provided bad or insufficient advice when counseling him as to the plea agreement. *United States v. Boyd*, Civ. No. 16-320, 2020 WL 3895412, at *1 (D. Minn. July 14, 2020). The Court initially found that Boyd's petition lacked merit as to the second ground, (*see* Order § 2255 Mot. at 5–9, May 31, 2019, Docket No. 96), but ordered an evidentiary hearing to determine the merits of Boyd's first ground for relief. *Id.* at *1–*2.

Upon review, the Court found that Boyd's claim that he asked his attorney to file a notice of appeal on his behalf was not credible, based upon the inconsistent statements

made in Boyd's § 2255 petition, affidavit, and during his testimony at the hearing, compared to the more consistent testimony, affidavit, and contemporaneous notes offered by Boyd's attorney. *Id.* at *3. The Court further found that Boyd's actions after trial were inconsistent with the actions of someone who believed that he had an appeal pending. *Id.* Based upon all the available evidence, the Court determined that Boyd had affirmatively declined to exercise his right to appeal and concluded that his attorney's performance did not rise to the level of ineffective assistance. *Id.*

The Court finds it unlikely that another court would decide the issues raised in Boyd's § 2255 petition differently and that the issues are not debatable or deserving of further proceedings. The Court therefore concludes that Boyd has failed to make the required substantial showing of the denial of a constitutional right and will deny a Certificate of Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for a Certificate of Appealability [Docket No. 163] is **DENIED**.

DATED: January 19, 2021　　　　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court